Michael R. White, State Bar No. 91148
James S. Reed, State Bar No. 165316
WHITE & REED LLP
5757 W. Century Boulevard, Suite 700
Los Angeles, CA 90045
Email: white@whitereed.com
Telephone: (310) 843-9065
Facsimile: (310) 843-9064

Neil B. Friedman
Patrick J. Hines
HODGSON RUSS LLP
605 Third Avenue, Suite 2300
New York NY 10158
Email: phines@hodgsonruss.com
Telephone: (212) 751-4300

Attorneys for Defendant
SNACK INNOVATIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VSB OPCO, LLC,,<br><br>           Plaintiff,<br><br>vs.<br><br>SNACK INNOVATIONS, INC.,<br><br>           Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Defendant SNACK INNOVATIONS, INC. hereby removes Case No. 23STCV18101 from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332, and as grounds for its removal states as follows:

**Background Facts.**

1. On July 31, 2023, Plaintiff VSB OPCO, LLC filed a Verified Complaint for Breach of Contract in the Superior Court of the State of California, County of Los Angeles styled *VSB Opco, LLC v. Snack Innovations, Inc.*, Case No. 23STCV18101 (the "State Court Action"). (A conformed copy of the Complaint, with exhibits, is included in the Appendix of Documents Filed in State Court Before Removal, filed herewith as Exhibit A.)

2. Defendant Snack Innovations, Inc. was served with the Summons and Complaint on August 8, 2023. Defendant first received the Complaint on August 2, 2023.

3. The Complaint contains two purported causes of action: 1) Breach of Settlement Agreement; and 2) Breach of Manufacturing Agreement.

4. The Complaint's First Cause of Action is based entirely on a Confidential Settlement Agreement, Mutual Release, and Covenant Not to Sue ("Settlement Agreement"), which is attached to the Complaint as Exhibit 3, and incorporated therein by reference.

5. The Complaint's Second Cause of Action is based entirely on a Manufacturing Agreement and Amendment to Manufacturing Agreement (collectively, "Manufacturing Agreement"), which are attached to the Complaint as Exhibits 1 and 2, respectively, and incorporated therein by reference. Both the original Manufacturing Agreement and the Amendment thereto state that Plaintiff is a Delaware limited liability company with its principal place of business in California, and that Defendant is a New Jersey corporation with its principal place of business in New Jersey.

**There Is Diversity Jurisdiction Under 28 U.S.C. § 1332(a).**

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. The Complaint alleges that Plaintiff is a Delaware "limited liability corporation" with its principal place of business in New Jersey. However, this is inconsistent with the Manufacturing Agreement (both the original agreement and the amendment thereto) on which the Complaint is based and which is incorporated in the Complaint, which states that Plaintiff's principal place of business is Playa Vista, California, and Plaintiff's filings with the California Secretary of State, which state that Plaintiff's current "Principal Address," originally in California, is now in Las Vegas, Nevada. (See Exhibit B, filed herewith.)

8. The Complaint alleges that Defendant is a Delaware corporation with its principal place of business in New Jersey. In reality, Defendant is a New York corporation with its principal place of business in New Jersey. (See Exhibit C, filed herewith.)

9. The unsupported allegations in Plaintiff's Complaint should be disregarded, since they contradict the Manufacturing Agreement attached to and incorporated in the Complaint, which Agreement is the basis of Plaintiff's case. Thus, as shown above, while the Complaint alleges that Plaintiff's principal place of business is in New Jersey, where Defendant has its principal place of business, the Manufacturing Agreement states that Plaintiff's principal place of business is in California. Moreover, Plaintiff's filings with the California Secretary of State show that it is in good standing as a Delaware limited liability company doing business in California, with a current principal address in Las Vegas, Nevada. The Statement of Information Plaintiff filed with the Secretary of State states that its only member/manager is Velocity Snack Brands, LLC, which has a current address in Las Vegas, Nevada, changed from Pasadena, California.

10. Thus, it is apparent that the allegation in the Complaint that Plaintiff's principal place of business is in New Jersey is a sham, presumably intended to defeat diversity. Neither Plaintiff nor its member/manager has ever had a principal place of business in New Jersey. In fact, the only connection between Plaintiff and New Jersey

is in the Complaint: nowhere in either the operative documents underlying the Complaint or in the company's governmental filings is there any connection between the company and any state other than California or Nevada.

11. In light of the Plaintiff's admissions in both the agreements it signed and verified and its own regulatory filings, there is complete diversity between the parties herein.

12. The Complaint alleges unspecified compensatory damages, as well as punitive damages, attorneys' fees and costs, and injunctive relief. Plaintiff has filed a Motion for Preliminary Injunction in the pending state court proceeding. While Defendant denies that Plaintiff is entitled to any relief, Plaintiff's claims as pleaded seek disgorgement of all of Defendant's revenues and profits over an unspecified period of time (apparently beginning no later than September 2022), plus punitive damages, attorneys' fees, and costs. Thus, well over $75,000 is in controversy and the jurisdictional threshold set forth in 28 U.S.C. § 1332(a) is satisfied.

**All Procedural Requirements for Removal Have Been Satisfied.**

13. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all documents on file in the state court action are being filed with this Notice of Removal. (See accompanying Exhibits to Notice of Removal.)

14. This Notice of Removal has been filed within 30 days of the date that Defendant received the Summons and Complaint in the state court action.

15. Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Central District of California is the federal judicial district covering Los Angeles County, California, where the state court action was filed.

16. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions, and pleas.

1  DATED: August 30, 2023                         WHITE & REED LLP
2
3                                               By: __/s/_____
                                                    Michael R. White
4                                                   Attorneys for Defendant
                                                    SNACK INNOVATIONS, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5757 W. Century Boulevard, Suite 700, Los Angeles, CA 90045.

On August 30, 2023, I caused the foregoing document(s) described as **NOTICE OF REMOVAL** to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Ronald A. Fisher
Jeffrey Theodore
J. Tobias Rowe
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
fisher@braunhagey.com
theodore@braunhagey.com
rowe@braunhagey.com

Mitchell C. Stein
Kirsten Dooley
BRAUNHAGEY & BORDEN LLP
118 W. 22ND Street, 12th Floor
New York, NY 10011
stein@braunhagey.com
rowe@braunhagey.com

☒ BY MAIL AS FOLLOWS: I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the Firm's practice of collecting and processing correspondence for mailing with the United States Postal Service. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ BY ESERVICE: I caused the above-referenced document to be delivered by email to the above addresses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2023, at Los Angeles, California.

_____
Michael R. White